UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION | CIVIL ACTION |
| VERSUS | NO. 24-2550 |
| MICHAEL B. DEPETRILLO, et al. | SECTION: "G"(2) |

## ORDER

Before the Court is Plaintiff Commodity Futures Trading Commission's ("CFTC") Motion to Stay.[1] This litigation involves an alleged fraudulent scheme wherein Defendants Meteor LLC, NOLA FX Capital Management LLC, and Michael B. DePetrillo (collectively "Defendants") misrepresented to individuals that their money would be pooled and invested, and Defendants allegedly instead misappropriated the funds.[2] The record reflects that Defendants were served on October 29, 2024. However, Defendants have not made an appearance. On January 31, 2025, this Court entered an Order requiring CFTC to show cause why the case should not be dismissed for failure to prosecute.[3] In response, CFTC filed the instant motion to stay.[4] CFTC explains that Defendant DePetrillo ("DePetrillo") has been criminally charged for the underlying acts, and is currently incarcerated.[5] CFTC states DePetrillo accepted service on behalf of all named

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1.

[3] Rec. Doc. 7.

[4] Rec. Doc. 8.

[5] *Id.* at 2.

defendants, and Defendants are currently unrepresented by counsel.[6] CTFC states DePetrillo is unable to file an answer to the Complaint due to his incarceration.[7]

CTFC contends the parties have been communicating regarding a potential settlement, and request that this matter be stayed for 90 days to engage in settlement negotiations.[8] CTFC states it negotiations are unsuccessful, DePetrillo may file an answer to the Complaint, or alternatively, CFTC will seek default judgment.[9]

A district court has the power to stay proceedings to manage its docket "with economy of time and effort for itself, for counsel, and for litigants."[10] The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket.[11] Whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[12] The court's authority to manage its own docket, however, should not be abused.[13]

Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[11] *Landis*, 299 U.S. at 254.

[12] *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254-55).

[13] *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1984).

unduly.[14] Stays should not be of an indefinite duration in the absence of a pressing need, and the party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay" will harm another party.[15] In determining whether to grant a stay, courts consider the following factors: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[16] Where a discretionary stay is proposed, "something close to genuine necessity should be the mother of its invocation."[17]

Applying the relevant factors here, the Court declines to stay this matter. Considering the reasoning provided by CFTC, a discretionary stay is not appropriate. While CFTC's desire to engage in settlement discussions is encouraged, it is simply insufficient to justify a stay in this matter. While DePetrillo's incarceration may make it difficult to participate in litigation, the motion indicates that DePetrillo is able to respond to the Complaint. CFTC has not shown hardship or inequity in being required to go forward, and thus, has failed to carry the burden to show that a stay is proper.

Accordingly,

---

[14] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 & 204 (5th Cir. 1985) (citing *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.,* 339 F.2d 440, 442 (2d Cir. 1964)).

[15] *Landis*, 299 U.S. at 255.

[16] *Est. of Gardebled v. State Farm Fire & Cas. Co.*, No. 22-115, 2022 WL 2438625, at *3 (E.D. La. July 5, 2022) (citing *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021) (Vance, J.) (quoting *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014)) (internal quotation marks omitted)).

[17] *Coastal (Bermuda) Ltd.*, 761 F.2d at 203 n.6.

**IT IS HEREBY ORDERED** that the Motion to Stay is **DENIED**.

**IT IS FURTHER ORDERED** that absent an answer by Defendants, Plaintiff shall file a status report within 60 days of this Order.

**NEW ORLEANS, LOUISIANA**, this 19th day of February, 2025.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**