**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2550** |
| **METEOR, LLC, ET AL.** | **SECTION: G** |

**DEFAULT JUDGMENT**

In accordance with the Court's Order and Reasons[1] filed herein;

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of Plaintiff, Commodity Futures Trading Commission, and against Defendants Michael B. DePetrillo, Meteor, LLC, and NOLA FX Capital Management, LLC;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained, enjoined and prohibited from directly or indirectly:

(1) violating 7 U.S.C. §§ 6b(a)(2)(A)–(C), 6k(2), 6m(1), 6o(1)(A)–(B), and 2(c)(2)(C)(iii)(I)(cc), and 17 C.F.R. §§ 4.20(a)(1), (b)–(c), 5.2(b)(1)–(3), and 5.3(a)(2);

(2) Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § la(40));

(3) Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2025)), for Defendants' own personal accounts or for any account in which they have a direct or indirect interest;

(4) Having any commodity interests traded on Defendants' behalf;

[1] Rec. Doc. 36.

(5) Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

(6) Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

(7) Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

(8) Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2025)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9);

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall pay, jointly and severally, a civil monetary penalty in the amount of $9,211,492.44 ("CMP Obligation"), which represents triple the Defendants' monetary gain from the violations listed above in accordance with 7 U.S.C. § 13a-1(d)(1)(A). If the CMP Obligation is not paid in full immediately, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall pay the CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made

other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
6500 S. MacArthur Blvd. HQ Room 266
Oklahoma City, OK 73169
9-amz-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that acceptance by the Commission/CFTC of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Judgment, or a waiver of the Commission/CFTC's right to seek to compel payment of any remaining balance.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that until such time as Defendants satisfy in full their CMP Obligation, upon the commencement by or against Defendants of insolvency, receivership, or bankruptcy proceedings or any other proceedings for the settlement of Defendants' debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy, or other proceedings, shall be sent to the address below:

Secretary of the Commission
Office of the General Counsel

Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street N.W.
Washington, DC 20581

Notice: All notices required to be given by any provision in this Judgment shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Charles D. Marvine
Retail Fraud and General Enforcement Task Force Chief Division of Enforcement
2600 Grand Blvd., Ste. 210
Kansas City, MO 64108

Notice to Defendants:

Michael B. DePetrillo
FCI Oakdale II
Federal Correctional Institution
2105 East Whatley Rd Oakdale, LA 71463

All such notices to the Commission shall reference the name and docket number of this action. Until such time as Defendants satisfy in full the CMP Obligation under this Judgment, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten calendar days of the change.

**IT IS FURTHER ORDERED**, **ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action to ensure compliance with this Judgment and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Judgment.

**IT IS FURTHER ORDERED**, **ADJUDGED, AND DECREED** that if any provision of this Judgment or if the application of any provision or circumstance is held invalid, then the remainder of this Judgment and the application of the provision to any other person or circumstance shall not be affected by the holding.

**IT IS FURTHER ORDERED**, **ADJUDGED, AND DECREED** that that the injunctive and statutory relief provisions of this Judgment shall be binding upon Defendants, upon any person under the authority or control of Defendants, and upon any person who receives actual notice of this Judgment, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

**NEW ORLEANS, LOUISIANA,** this 30th day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**